Lloyd D. Bowman v. Commissioner.
Bowman v. Commissioner
Docket No. 2985.
United States Tax Court
1945 Tax Ct. Memo LEXIS 332; 4 T.C.M. (CCH) 72; T.C.M. (RIA) 45028; January 23, 1945
H. A. Stewart, Esq., for the petitioner. Homer F. Benson, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves a deficiency in income tax for the calendar year 1941 in the amount of $181.52. The issue is whether the petitioner is entitled to include his sister as a dependent for the purpose of claiming exemption as head of a family. Findings of Fact Petitioner is an individual residing at 721 Weldon Street, Latrobe, Pennsylvania. His income tax return for the period involved was filed with the collector of internal revenue for the Western District of Pennsylvania, at Pittsburgh, Pennsylvania. Petitioner, a widower, resides with his three dependent children, all under the age of 18 years. At the time of his wife's death in 1935, at the petitioner's request, his unmarried sister, Genevieve Bowman, came to reside with him for the purpose of rearing his children. She has continuously resided with the petitioner since that time. Prior to taking up her residence with the petitioner, Miss Bowman, aged 51, had been employed *334 as a clerk in a bank at $130 per month. She received no salary from the petitioner and her independent income was approximately $40 per year. The petitioner employed one sevant. The duties performed by Miss Bowman consisted of assisting the petitioner in rearing his children and supervising the household. In addition to her maintenance, the petitioner provided her clothing, medicinal and incidental expenses. Although Miss Bowman cooperated in every way to facilitate the petitioner's family control, she regarded herself as having a certain degree of personal independence. During the taxable year Miss Bowman was not mentally or physically incapable of earning her independent livelihood. Opinion Petitioner claims the personal exemption of $1,500 as "head of a family". Section 25 (b)(1), as amended by section 111 of the Revenue Act of 1941. [1] He does this on the ground that he occupied that status as to his sister, Genevieve Bowman. He then argues he is entitled to three credits of $400 each for his three dependent children. Section 25 (b)(2), I.R.C., as amended by section 113 of the Revenue Act of 1941. [2]
*335 Respondent denied that petitioner occupied the status of "head of a family" as to Genevieve, but determined that he had that status only because of his three dependent children. He allowed the personal exemption of $1,500 on that basis and two credits of $400 each for two of the children. He disallowed the credit for the third child, under section 25 (b)(2)(B). The issue thus framed is whether the status of petitioner as to his sister, Genevieve, was that of "head of a family". Assuming it was not, another question may exist as to whether she was a "dependent" of petitioner. No doubt under the situation confronting the petitioner, it was most desirable that he bring into his home to assist him in rearing his children and in supervising his household one in whom he had implicit confidence. The sacrifice of his sister in undertaking to fill the void caused by the sudden death of the wife and mother evidences a family affection worthy of high commendation. The law, however, takes no cognizance of such an estimable virtue. Deductions are a matter of grace. Petitioner must bring himself clearly within the purview of the quoted statutory provisions or lose the benefits they grant. *336 New Colonial Ice Co., Inc. v. Helvering, 292 U.S. 435. Petitioner had no legal right to exercise control over his sister. His measure of control, if any can be said to have existed, was purely voluntary and in the interest of family cooperation. He did support her. But she was 51 years old, mentally competent, and enjoying good health. She was well able to support herself, as the record amply reveals. We think the case of L. S. Frankenau, 2 T.C. 703, is controlling. There, as here, the relationship of the person, upon the support of which the claim for personal exemption or credit was based, was a sister. On comparable facts we disallowed the claim on the ground that the petitioner was not the "head of a family" so as to entitle him to a personal exemption of $1,500, nor was his sister a "dependent person" so as to base a credit to him of $400. Upon the authority of that case, we affirm respondent's determination. Decision will be entered for the respondent. Footnotes
1. Section 25 (b) (1), as amended by section 111 of the Revenue Act of 1941, so far as pertinent, follows: "(1) Personal Exemption. * * * in the case of the head of a family * * * a personal exemption of $1,500. * * *" ↩
2. Section 25 (b) (2) of the Internal Revenue Code, as amended by section 113 of the Revenue Act of 1941, provides as follows: "(2) Credit for Dependents. - "(A) Allowance in General. - $400 for each person (other than husband or wife) dependent upon and receiving his chief support from the taxpayer if such dependent person is under eighteen years of age or is incapable of self-support because mentally or physically defective. "(B) Exception for Certain Heads of Families. - If the taxpayer would not occupy the status of head of a family except by reason of there being one or more dependents for whom he would be entitled to credit under subparagraph (A), the credit under such subparagraph shall be disallowed with respect to one of such dependents."↩